```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                            Case No.: 8:12-cr-393-VMC-TBM

CARLTON TROY ELLIS

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Carlton Troy Ellis's pro se Motion for Compassionate Release (Doc. # 68), filed on December 7, 2021. The United States responded on December 22, 2021. (Doc. # 71). For the reasons set forth below, the Motion is denied.

**I.   Background**

In April 2013, the Court sentenced Ellis to 188 months' imprisonment after he pleaded guilty to one count of possession with intent to distribute and distribution of cocaine. (Doc. # 42). Ellis is 54 years old and is projected to be released on March 22, 2026.[1]

In the Motion, Ellis seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, due to his medical conditions, which include

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

diabetes. (Doc. # 68 at 5). He also argues that he has been rehabilitated in prison and seeks release to spend time with his family. (Id. at 1-2, 28-29). The United States has responded (Doc. # 71), and the Motion is now ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Ellis argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the

2

requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Although the government concedes that Ellis has exhausted his administrative remedies, it argues that Ellis's Motion should be denied because he has not demonstrated extraordinary and compelling reasons to warrant compassionate release. (Doc. # 71 at 4-5, 7-11). The Court agrees.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Ellis bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7,

2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Ellis has been vaccinated. (Doc. # 71 at 6).

Here, Ellis argues that compassionate release should be granted because his underlying medical conditions, which includes diabetes, render him more susceptible to COVID-19. However, Ellis has not demonstrated that his health conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments

4

are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP."); United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity and a latent tuberculosis infection). Nor do these conditions constitute a terminal illness. Thus, Ellis's medical conditions do not warrant release.

In addition, although the Court commends Ellis for the steps he has taken to better himself in prison, such rehabilitative efforts are not a proper reason to grant compassionate release pursuant to Section 3582(c). See Bryant, 996 F.3d at 1248; see also United States v. Guyton, 859 F. App'x 435, 437 (11th Cir. 2021) ("A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement.").

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. Ellis was convicted of a serious drug crime. And, as the government points out, he has a long criminal history that dates back to 1990. The Court finds

5


that the need to protect the public and reflect the seriousness of the crime weigh against release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Carlton Troy Ellis's Motion for Compassionate Release (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of January, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE